Filed 7/31/23  P. v. Marr CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B325667 |
| Plaintiff and Respondent, | (Super. Ct. No. PA043262) |
| | (Los Angeles County) |
| v. | |
| EDMOND JAY MARR, | |
| Defendant and Appellant. | |

Edmond Jay Marr appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1170.91, subdivision (b).[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in propria persona.  We affirm.

---

1 All further statutory references are to the Penal Code.

*Procedural Background[2]*

In March 2005, appellant pleaded guilty to the March 1983 second degree murder of Elaine Graham and admitted that he personally used a knife in committing the murder. (§§ 187, subd. (a), 12022, subd. (b).) The trial court sentenced appellant to 16 years to life and imposed an additional year pursuant to section 12022, subdivision (b).

We affirmed the conviction with modifications in a nonpublished opinion. (*People v. Marr*, *supra*, B182366.)

In August 2022, appellant filed a petition for resentencing pursuant to section 1170.91, subdivision (b) based on health conditions due to his military service from July 1981 to March 1983. In his form petition, appellant stated that as a result of his military service, he may be suffering from traumatic brain injury, post-traumatic stress disorder, substance abuse, and mental health problems such as anxiety, depression, and seizure disorder. He also stated that he was sentenced before January 1, 2015, and when he was sentenced, "the judge did not consider health conditions resulting from petitioner's military service as a factor in deciding the sentence."

The trial court denied appellant's petition. In its ruling, the trial court stated that appellant was "ineligible for resentencing as section 1170.91 does not apply to life sentences. Section 1170.91 applies only to determinate sentences imposed pursuant to Penal Code section 1170, [subdivision (b)]." The trial court also denied the petition because it was "repetitive in that a

_____

[2] The following procedural background is taken from our opinion on direct appeal. (*People v. Marr* (Sept. 21, 2006, B182366) [nonpub. opn.].)

habeas corpus petition seeking the same relief was denied on [February 22, 2019]."

*Discussion*

Because the instant appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, he is entitled to appellate consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

In his supplemental brief, appellant states that he "recently filed" a motion with the Los Angeles County Superior Court and the California Board of Parole Hearings to request a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. According to appellant, he qualifies as a "'youth offender'" "[b]y law" because he was 25 years of age in 1983 when he committed the murder (citing §§ 1203.1, 1016.7, subds. (a), (b)).

We decline to address this contention, which is apparently still pending before the superior court.

Appellant also contends the California Department of Corrections and Rehabilitation (CDCR) is "required to refer" him for resentencing, citing *People v. Monroe* (2022) 85 Cal.App.5th 393 (*Monroe*), Senate Bill No. 483, and section 1172.75.

Senate Bill No. 483 added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, §3;

3

Stats. 2022, ch. 58, § 12.) That section established the procedure to benefit state prisoners whose sentences are not currently valid due to recent changes in the law involving sentence enhancements.

For example, "[s]ection 1172.75, subdivision (a) provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Once the [CDCR] identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Monroe*, *supra*, 85 Cal.App.5th at p. 399.)

Here, appellant does not meet the statutory requirement for resentencing pursuant to section 1172.75 because his one-year sentence enhancement was imposed pursuant to section 12022, subdivision (b), not section 667.5, subdivision (b).

*Disposition*

The order denying appellant's petition for resentencing pursuant to section 1170.91, subdivision (b) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

4

David W. Stuart, Judge

Superior Court County of Los Angeles

_____

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.